IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **ROBERT FIFER, et al.,** ) | |
| ) | |
| ) | |
| **Plaintiffs,** ) | Civil Action No.: 7:23-cv-00058 |
| ) | |
| **v.** ) | |
| ) | |
| **Limon Properties, et al.,** ) | By: Hon. Robert S. Ballou |
| ) | United States District Judge |
| **Defendants.** ) | |
| ) | |
| ) | |

## ORDER

On January 25, 2023, Plaintiffs filed this action, *pro se*, alleging housing discrimination. Dkt. 1. On March 21, 2023, Plaintiffs filed a letter to the Court discussing ongoing health issues and a pending unlawful detainer appeal in Pulaski Circuit Court. Dkt. 8. I construed Plaintiffs' letter as a motion for extension for time to serve and gave Plaintiffs until May 15, 2023 to effectuate service. Dkt. 9. Plaintiffs did not serve Defendants, so on May 28, 2023, I ordered Plaintiffs to show cause why the case should not be dismissed for failure to timely serve. Dkt. 10. On June 1, 2023, Plaintiffs filed another motion for extension due to moving and health issues. Dkt. 12. On June 5, 2023, I ordered Plaintiffs to serve Defendants by July 5, 2023. Dkt. 12. That order was not mailed to the proper address, so on July 5, 2023, I gave Plaintiffs an additional extension to August 4, 2023, to serve Defendants. Dkt. 15. Plaintiffs have still not served Defendants.

"A district court has the inherent authority to dismiss a case for failure to prosecute, and Rule 41(b) provides an explicit basis for this sanction." U.S. ex rel. Curnin v. Bald Head Island

Ltd., 381 Fed. App'x 286, 287 (4th Cir. 2010) (quoting Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991)). The Fourth Circuit has instructed that courts consider "four factors before dismissing a case for failure to prosecute: (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and, (4) the effectiveness of sanctions less drastic than dismissal." Hillig v. C.I.R., 916 F.2d 171, 174 (4th Cir. 1990). These factors are not rigid, and a court must make a determination on the propriety of a Rule 41(b) dismissal based on the particular circumstances of the case. Attkisson v. Holder, 925 F.3d 606, 625 (4th Cir. 2019). "Dismissal without prejudice is appropriate where a pro se plaintiff has well beyond the 90 days provided him under the federal rules to perfect service on the defendants and does not comply with the court's extended deadline." Strader v. Valley Health Sys., No. 3:23-cv-216, 2021 WL 9666816, at *1 (N.D.W. Va. Sept. 7, 2021) (internal quotation marks omitted).

Pro se litigants, such as Plaintiffs, "are not held to the same high standards as attorneys." Craft v. Astrue, No. 1:10cv9, 2012 WL 6569021, at *1 (M.D.N.C. Dec. 17, 2012). However, such litigants "are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible." Ballard v. Carlson, 882 F.2d 93, 96 (4th Cir. 1989). Consequently, pro se litigants are subject to Rule 41(b).

Here, the Plaintiffs are proceeding *pro se*, so they are entirely responsible for their actions. See Green v. James, No. 4:09–1909, 2010 WL 1257488, at *1 (D.S.C. Feb. 22, 2010). Plaintiffs have been provided ample time to serve Defendants and have been granted multiple extensions to extend service far beyond the 90 days provided under the federal rules. Plaintiffs have not been in touch with the Court to request any additional extensions beyond that already granted until August 4, 2023. Plaintiffs were specifically warned of the consequence of

involuntary dismissal if they failed to comply with the Court's orders. Dkts. 10, 15. Moreover, there do not appear to be sanctions less drastic than dismissal that would be effective in securing Plaintiffs' compliance.

Accordingly, it is **ORDERED** that this action be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute. The Clerk's Office shall mail this Order to Plaintiffs' most recent address on the docket.

It is **SO ORDERED.**

Entered:  August 22, 2023

*Robert S. Ballou*

Robert S. Ballou
United States District Judge